**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**RODERICK REED**                                                                              **PETITIONER**

**V.**                                                                                 **NO. 2:09CV176-P-S**

**CIRCUIT COURT OF TUNICA COUNTY,
MISSISSIPPI**                                                                          **RESPONDENT**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Roderick Reed, inmate number 126223, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondent's motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. Factual and Procedural Background

Reed was convicted of sexual battery of a minor in the Circuit Court of Tunica County, Mississippi. Reed was sentenced to twenty-five years imprisonment. On July 22, 2008, the Mississippi Court of Appeals affirmed Reed's conviction and sentence. *See Reed v. State*, 987 So.2d 1054 (Miss. App. 2008). Following the denial of his appeal, Reed admittedly failed to file a motion for rehearing or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). He, instead, filed a motion for leave to seek post-conviction relief on July 10, 2009[1]. The Supreme Court denied the motion on August 20, 2009. Reed filed this matter on October 5, 2009[2]

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

---

[1]  The date on which Reed signed his motion and presumably delivered it to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to *pro se* prisoners).

[2]  Reed did not sign his petition. This is the date the petition was received by the court.

(d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Reed failed to pursue a motion for rehearing, the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Reed's conviction became final fourteen days after the Court of Appeals affirmed his conviction on July 22, 2008. In the absence of any further review, Reed's sentence and conviction became final on August 5, 2008, the date on which his time for seeking further review in state court expired.

Reed, therefore, had one-year or until August 5, 2009, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Reed did file a petition for post-conviction relief in the Mississippi

Supreme Court on July 10, 2009[3]. The petition was denied on August 20, 2009. A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). Reed's motion was pending for 41 days.

Therefore, to be timely, Reed's federal habeas petition must have been filed by September 15, 2009 (August 5, 2009, plus 41 days). Reed, however, did not file this petition until October 5, 2009, when it arrived in this court.[4] His petition was, thus, filed 20 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). In response to the motion to dismiss, Reed simply asserts that the respondent's calculation of the expiration of the statute of limitations is erroneous. He fails, however, to demonstrate or explain the alleged error.

Accordingly, Reed has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 7th day of June, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The date on which Reed signed his motion and presumably delivered it to prison officials for mailing. *Spotville*, 149 F.3d at 376-78.

[4] This date is used because the court cannot ascertain when Reed delivered the petition to prison officials. Reed, also, makes no allegation regarding delay that would attributable to the mail system.